IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tremayne D. Crawford, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:20-cv-0065-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Brian K Dobbs, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner Tremayne D. Crawford ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 9, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Petition be dismissed for lack of jurisdiction and without requiring the Respondent to file a return. (ECF No. 13). Petitioner filed objections to the Report on March 4, 2020, (ECF No. 15), and this matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not

1

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's

2

failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

In the Report, the magistrate judge set forth the relevant facts, *see* (ECF No. 13 at 1–2), and Petitioner did not object to that portion of the Report, *see* (ECF No. 15). Briefly, Petitioner is currently incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina. (ECF No. 1 at 1). Petitioner filed the instant action to challenge his conviction for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) based on the United States Supreme Court's opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF Nos. 1 at 2, 6; 1-1 at 2).

In May 2008, a jury found Petitioner guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and, subsequently, Petitioner was sentenced to be imprisoned for 235 months. (ECF Nos. 1-1 at 2; 13 at 1–2 (citing *United States v. Crawford*, No. 1:07-cr-116-WSD-RGV-1 (N.D. Ga. 2007), Dkt. Nos. 82, 83)).[1] Petitioner appealed both his conviction and his sentence, and, on March 26, 2009, the Eleventh Circuit Court of Appeals affirmed the judgment against Petitioner. *United States v. Crawford*, 321 Fed. App'x 916, 918–19 (11th Cir. 2009); *see also* (ECF Nos. 1 at 2–3; 1-1 at 2; 13 at 2 (citing *Crawford*, Dkt. No. 100)).

---

[1] The court may take judicial notice of court and public records related to Plaintiff's criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks omitted)).

Petitioner then sought to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Georgia district court denied on September 30, 2010. (ECF Nos. 1 at 4; 13 at 2 (citing *Crawford*, Dkt. Nos. 102, 108)). Subsequently, on September 12, 2019, an order was entered in Petitioner's original criminal case appointing the Federal Public Defender for the Northern District of Georgia to analyze whether *Rehaif* has any application to Petitioner's case and, if so, to file the appropriate motions. (ECF No. 13 at 2 (citing *Crawford*, Dkt. No. 110)).

Petitioner now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241. (ECF No. 1). Specifically, Petitioner contends that his § 922(g)(1) felon-in-possession conviction is no longer valid under *Rehaif*, because the government failed to prove the "knowledge" element. *See id*. at 6. Petitioner asks that the court "reverse [his] conviction and remove the 18 U.S.C. § 924(e) [and] 922(g) [charges]." *Id*. at 7.

## II. MAGISTRATE JUDGE'S REPORT

In his Report, the magistrate judge liberally construed Petitioner's allegations to seek to utilize the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), in order to challenge the validity of his conviction and sentence under *Rehaif*.[2] (ECF No. 13 at 3). However, before addressing whether Petitioner has satisfied the savings clause, the magistrate judge properly recognized that "[e]fficient judicial administration generally requires the federal

---

[2] The magistrate judge correctly noted that,

> Generally, a § 2241 petition attacks the *execution* of a sentence rather than its *validity*, whereas a § 2255 motion attacks the legality of detention[,] . . . [h]owever, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's conviction or sentence when a § 2255 is inadequate or ineffective to test the legality of detention.

(ECF No. 14 at 4–5 (quoting 20 U.S.C. § 2255(e); *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C. 2006)) (emphasis added) (internal quotation marks omitted)).

4

courts to avoid duplicative action[,]" and, consequently, "a case pending in federal court 'may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court.'" *Id*. at 3 (quoting *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010)). Furthermore, "[s]uits are considered parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Id*. at 4 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). The magistrate judge noted that, although no motions are currently pending, the Federal Public Defender has been appointed in Petitioner's criminal case "for the express purpose of addressing any challenges the petitioner may have based upon *Rehaif*." *Id*. at 4. Thus, the magistrate judge concluded that judicial efficiency supports dismissal of the instant action. *Id*.

The magistrate judge then turned to consider Petitioner's claims under the savings cause of § 2255. First, the magistrate judge noted that, because the savings clause is a jurisdictional provision and courts may raise the issue of subject matter jurisdiction *sua sponte*, if the court determines that Petitioner "cannot meet the savings clause requirements, then the § 2241 petition 'must be dismissed for lack of jurisdiction.'" *Id*. (quoting *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)) (citing *United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018)).

As the magistrate judge recognized, it is well-settled in this circuit that, in order to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must establish the following:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

5

>  (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see also* (ECF No. 13 at 5–6). Subsequently, the Fourth Circuit articulated a four-part test to determine whether a § 2255 motion is "inadequate and ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; see also (ECF No. 13 at 9).

The magistrate judge also recognized that, "[i]n evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019); *see* (ECF No. 13 at 10 (considering Eleventh Circuit precedent to determine whether there has been a change in the substantive law)). The applicable "procedural law," however, is that of the district court's home circuit. *Hahn*, 931 F.3d at 301. In this case, because Petitioner was convicted in the Northern District of Georgia, the magistrate judge properly applied the substantive law of the Eleventh Circuit Court of Appeals. *See* (ECF No. 13 at 10).

As to Petitioner's claim that the Supreme Court's decision in *Rehaif* renders his § 922(g)(1) conviction invalid, the magistrate judge concluded that Petitioner failed to satisfy the second prong of the *Jones* test which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was

6

convicted is deemed not to be criminal," 226 F.3d at 334. (ECF No. 13 at 6). The magistrate judge found that "the crime [for] which the jury found the petitioner guilty, being a felon in possession of a weapon, remains a criminal offense[.]" *Id*. Therefore, the magistrate judge concluded that the conduct of which Petitioner was convicted continued to be criminal even after *Rehaif* and Petitioner, therefore, cannot not satisfy the second prong of *Jones* and cannot challenge the validity of his § 922(g) conviction through this § 2241 Petition. *Id*. at 8.

The magistrate judge also found that, even if Petitioner was able to meet the *Jones* test, Petitioner simply is not entitled to relief under *Rehaif*. *Rehaif* requires the government to establish only that a defendant knew of his prohibited status, such as a convicted felon, not that a defendant knew he was specifically prohibited from possessing a firearm. *See* 139 S. Ct. at 2194. The magistrate judge noted that in this case, however, Petitioner stipulated and testified at trial to his status as a convicted felon. (ECF No. 13 at 6). The stipulation provided that, "[p]rior to December 2, 2006, [Petitioner] was convicted in a court of competent jurisdiction for a felony offense; that is, a crime punishable by imprisonment for a term exceeding one year." *Id*. at 6 (quoting *Crawford*, Dkt. No. 89 at 153). Additionally, during his trial, Petitioner testified as follows:

> Q. Have you been convicted of a crime before?
> A. Yes. I have been convicted of drug charges before.
> Q. How many drug cases have you been convicted of before?
> A. Approximately I think like eight.
> Q. And so are you a convicted felon?
> A. Yes.
> . . .
> Q. Mr. Crawford, let's talk a little bit about the drug convictions you just mentioned. . . . Do you recognize what those are?
> A. Yeah. All the times I pled guilty.
> Q. Those are all your convictions?
> A. Yes, for drugs.

7

*Id*. at 7 (quoting Crawford, Dkt. No. 90 at 259–61). Thus, the magistrate judge noted that the crux Petitioner's defense at trial appears to have been that Petitioner knew he was prohibited from carrying a firearm but was unaware there was a gun in the car at the time. *Id*. Indeed, during closing arguments Petitioner's trial counsel argued "[Petitioner's] a convicted felon from the first case onward, and not once afterwards has a firearm . . . [a]nd that is a rule he has followed continuously." *Id*. at 8 (quoting *Crawford*, Dkt. No. 91 at 105). Therefore, the magistrate judge concluded that Petitioner could not establish any error under *Rehaif*. *Id*.

Similarly, the magistrate judge determined that, to the extent the Petition could be liberally construed to also challenge Petitioner's sentence based on *Rehaif*, Petitioner cannot satisfy the second prong of the *Wheeler* test that, "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." (ECF No. 13 at 9–10 (quoting *Wheeler*, 886 F.3d at 419)). The magistrate judge found that, although *Rehaif* was decided after Petitioner's first § 2255 motion, "to date, *Rehaif* has not been held to be retroactive on collateral review—as recognized in the Eleventh Circuit Court of Appeals." *Id*. at 10 (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). Accordingly, the magistrate judge concluded that, "because [Petitioner] has not shown that subsequent to his first § 2255 motion there was a change in the substantive law of the sentencing court that was deemed to apply retroactively on collateral review[,]" he could not satisfy the second prong of *Wheeler* and the court also lacks jurisdiction to address this claim. *Id*.

Finally, the magistrate judge addressed Petitioner's claim that he can satisfy the savings clause of § 2255 because he "is 'actually innocent' of the offense to which he was sentenced[,]" (ECF No. 1-1 at 3). (ECF No. 13 at 8–9). The magistrate judge noted that "[c]ognizable claims of 'actual innocence' . . . must be based on 'factual innocence, not mere legal insufficiency.'" *Id*.

8

at 8 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In this case, however, Petitioner stipulated and testified at trial as to his status as a convicted felon and "[a]s such, [Petitioner] has not satisfied the requirements for a valid innocence claim relating to his § 922(g) conviction." *Id*. at 8–9.  Further, the magistrate judge found "[P]etitioner's actual innocence claim is facially inadequate because he has not 'support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  Thus, the magistrate judge concluded that Petitioner "cannot use 'actual innocence' to bypass the gatekeeping requirements of § 2255 and use the present § 2241 petition to seek § 2255 relief via that statute's savings clause." *Id*. at 9.  Accordingly, the magistrate judge recommends the court dismiss the Petition (ECF No. 1) for lack of subject matter jurisdiction. *Id*. at 10.

### III. DISCUSSION

The court now turns to consider Petitioner's objections to the Report. *See* (ECF No. 15). Liberally construed, Plaintiff's first objection asserts that the magistrate judge erred in concluding Petitioner could not establish any error under *Rehaif*. *See id*. at 3.  In particular, Petitioner argues "that at the time of his sentencing, he was not aware of the fact's [sic] and the criteria of being a felon possessing a firearm and the consequence of said action." *Id*.  This statement, however, directly contradicts Petitioner's own testimony and stipulation at trial conceding Petitioner's status as a convicted felon. *See Crawford*, Dkt. Nos. 89 at 153; 90 at 259–61.  It is well-settled that, "[b]ecause a stipulation induces the government not to offer evidence to prove the facts involved in the stipulation, a defendant may not argue at trial or on appeal that the stipulation is insufficient to prove beyond a reasonable doubt the facts or elements to which he has stipulated.'" *United*

9

*States v. Patton*, 449 Fed. App'x 252, 253 (4th Cir. 2011) (quoting *United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996)). Thus, "[b]y stipulating to felon status, [Petitioner] waive[d] the right to require the Government prove his felon status." *United States v. Brunson*, 482 Fed. App'x 527, 528 (11th Cir. 2012); *see also United States v. Jackson*, 831 Fed. App'x 946, 947 (11th Cir. 2020) (affirming conviction and sentence in light of *Rehaif* where defendant "stipulated that—at the time of the charged offenses—he had previously been convicted in a court of a crime punishable by imprisonment for a term in excess of one year" and where defendant "never . . . claim[ed] that he was really unaware he was a convicted felon when he possessed the charged firearms" (internal quotation marks omitted)); *United States v. Paul*, 826 Fed. App'x 809, 813 (11th Cir. 2020) (affirming, on direct appeal, conviction and sentence where defendant "stipulated to the fact that he had been convicted of a crime punishable by a term of imprisonment in excess of one year" such that "there is no reasonable argument that he was unaware of his felony status in 2018 when he committed the instant offense"). Petitioner's stipulation and testimony definitively established that Petitioner was a convicted felon and was aware of that status prior to the instant offense. Therefore, the magistrate judge correctly concluded that Petitioner could not show he was unaware of his status as a convicted felon at the time of the underlying offense and, as such, cannot establish any error under *Rehaif*. *See* 139 S. Ct. at 2194 (requiring the government prove only that the defendant knew of his prohibited status under § 922(g), not that he knew he was specifically prohibited from possessing a firearm).

Petitioner also attempts to rely on the Fourth Circuit Court of Appeals' recent holding in *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), to establish his entitlement to relief under *Rehaif*. (ECF No. 15 at 3–4). As an initial matter, the court notes that Petitioner's reliance on *Lockhart* is misplaced because, as noted above, it is the Eleventh Circuit's precedent, not the

10

Fourth Circuit's, that controls the substantive inquiry under the savings clause regarding *Rehaif's* application, if any, to Petitioner's conviction and sentence. *See Hahn*, 931 F.3d at 301. Moreover, even if the court could properly consider *Lockhart*, the facts of that case are inapposite to the case at bar. As Petitioner points out in his objections, the defendant in *Lockhart* "asserted that his *guilty plea* to a 922(g) charge was constitutionally involuntary . . . because he pleaded guilty without admitting knowledge to status[.]" (ECF No. 15 at 3 (emphasis added)); *see also Lockhart*, 947 F.3d at 190. In this case, however, Petitioner did not plead guilty but went to trial where, as the court has already found, Petitioner himself conclusively established knowledge of his status as a convicted felon through his stipulation and testimony. Thus, *Lockhart* does not apply to the facts present in this case and this objection is overruled.

Finally, Petitioner objects to the magistrate judge's recommendation that this action be dismissed based on the appointment and pending investigation of the Federal Public Defender in Petitioner's underlying criminal case. (ECF No. 15 at 3). Specifically, Petitioner asks that, rather than dismissing the case, the court hold the Petition in abeyance pending the outcome of the Federal Public Defender's investigation. *Id*. The court, however, finding no clear error in the Report, agrees with the magistrate judge's conclusion that Petitioner has failed to satisfy the requirements of the savings clause and, therefore, lacks subject matter jurisdiction over this action. Accordingly, the court must dismiss the case, *see, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"), and Petitioner's request is denied.

## IV. CONCLUSION

Thus, after a careful and thorough review of the Report and record under the appropriate standards, as set forth above, the court **ADOPTS** the Report (ECF No. 13) and incorporates it

herein.  Accordingly, having concluded that it lacks jurisdiction, the court **DISMISSES** Petitioner's § 2241 Petition (ECF No. 1) without prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 4, 2021